UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS GESUALDI, ANTHONY D'AQUILA,
LOUIS BISIGNANO, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH FERRARA, FRANK
FINKEL, MARC HERBST, DENISE
RICHARDSON and THOMAS CORBETT as
Trustees and Fiduciaries of the Local 282 Welfare, **MEMORANDUM & ORDER**
Pension, Annuity, Job Training, and Vacation and CV 10-2561 (SIL)
Sick Leave Trust Funds,

                            Plaintiffs,

            -against-

DIVERSIFIED CARTING, INC.,

                            Defendant.
------------------------------------------------------------X
**LOCKE, Magistrate Judge:**

       Plaintiffs Thomas Gesualdi, Anthony D'Aquila, Louis Bisignano, Michael O'Toole, Benny Umbra, Joseph Ferrara, Frank Finkel, Marc Herbst, Denise Richardson, and Thomas Corbett are the Trustees of various employee benefit plans for Local 282, affiliated with the International Brotherhood of Teamsters Union (the "Funds"), and commenced this action against Defendant Diversified Carting, Inc. ("Diversified") seeking various relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132 (a)(3) and 1145, and Section 30a of the Labor-Management Relations Act of 1947, 20 U.S.C. §185. The parties consented to the jurisdiction of the magistrate judge, and after Defendant conceded liability, an inquest was held by Magistrate Judge William D. Wall.

       On July 31, 2014, Judge Wall issued a Memorandum and Order finding that Plaintiffs were owed unpaid contributions in the total amount of $122,144.81. *See* Memorandum and Order of

7/31/14 ("M&O"), Docket Entry ("DE") [50].[1] He further directed Plaintiffs to submit additional documentation regarding liquidated damages, costs, auditors' fees, and reasonable attorneys' fees by September 2, 2014, and permitted Defendant to submit material in opposition by September 22, 2014. On August 4, 2014, this matter was re-assigned to the undersigned. Plaintiffs timely submitted a Supplemental Declaration of James R. Grisi ("Grisi Decl.") and supporting materials. *See* DE [51]. Diversified has not submitted any opposition to Plaintiffs' supplemental papers.

## DISCUSSION

The lead case in this consolidated action was commenced on June 4, 2010 by the Funds to recover delinquent fringe benefit contributions and union dues required to be paid pursuant to a series of Collective Bargaining Agreements (individually "CBA" or collectively "CBAs") between the parties. The CBAs expressly provide that each "Employer," including Defendant, is bound to the Amended and Restated Agreement and Declaration of Trust ("Trust Agreement") providing for the benefits at issue in this litigation as well. *See* Grisi Decl., Ex. A. The M&O previously determined that Defendant owed unpaid contributions in the amounts of $80,662.77 pursuant to six audit reports, and $41,482.04 pursuant to self-reported remittance reports for a total amount of $122,144.81 in unpaid contributions.

In addition, Plaintiffs have the right to recover additional amounts as set forth by the Trust Agreements and provided for under ERISA. Pursuant to ERISA, when a judgment in favor of a plan is entered under section 1145, the Court shall also award the plan: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest on the unpaid

---

[1]Familiarity with the M&O is presumed; its findings will be restated only to the extent necessary to rule on the remaining issues.

contributions or liquidated damages provided for under the plan in an amount not to exceed 20 percent of the amount of unpaid contributions; (4) reasonable attorneys' fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. *See* 29 U.S.C. §1132(g)(2). The submissions currently before the Court support the recovery of these additional amounts.

**I. Interest**

ERISA provides that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Pursuant to the Trust Agreement, the Funds are entitled to recover interest at the rate of 1.5% per month, or 18% per year. *See* Trust Agreement, Art. IX, §3. The M&O generally addressed the unpaid contributions in two categories – those determined after audit reports and those due through self-reported remittance reports from Defendant. Plaintiffs' papers likewise seek interest on the two types of unpaid contributions separately.

The M&O found that the total amount of unpaid contributions established by the audit reports was $80,662.77. Plaintiffs have calculated the interest due over two time periods – $45,274.92 running from the delinquency date through the date of the audit, and $25,549.56 running from the date of the audit through September 2, 2014 – for a total amount of interest due of $70,824.48. Plaintiffs further seek daily interest in the amount of $39.78 from September 3, 2014 through date of judgment.

Regarding the unpaid contributions due pursuant to the self-reported remittance reports awarded in the M&O, Plaintiffs have further divided them according to the applicable CBA. For the self-reported contributions of $31,259.37 due under the Demolition CBA, Plaintiffs seek interest in the amount of $21,192.55 through September 2, 2014, plus daily interest of $15.42 from September

3

3, 2014 through the date of judgment. For the self-reported contributions of $10,022.67 due under the NYC Heavy Construction and Excavating CBA, Plaintiffs seek interest in the amount of $7,443.33 through September 2, 2014, plus daily interest of $4.94 from September 3, 2014 through the date of judgment.

Plaintiffs have provided explanations for the way in which the calculations were performed and submitted supporting charts. Diversified has not opposed the submissions and thus has not challenged either Plaintiffs' methodology or results. I find that the Plaintiffs have demonstrated their entitlement to $99,460.36, the amount of interest sought through September 2, 2014, plus total daily interest of $60.14 through the date of judgment. Adding $3,427.98 as the daily amount of interest due through the date of this Order, Plaintiffs shall recover interest in the total amount of $102,888.34, plus daily interest of $60.14 through the date of entry of judgment.

## II. Additional Damages

Pursuant to § 502(g)(2)(c) of ERISA, 29 U.S.C. §1132(g)(2)(c), and the Trust Agreement, Art. IX, § 3(c), additional damages are to be awarded in "an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of twenty percent" of the delinquent contributions. Here, Plaintiffs seek additional damages equal to the total interest on the unpaid contributions. Thus, Plaintiffs are awarded $102,888.34 as additional damages.

## III. Audit Costs

The Trust Agreement further provides for the recovery of $350 in auditor's fees, "or such other amounts as the Trustees in their discretion shall apply, plus travel expenses, for each day expended in auditing the Employer." *See* Trust Agreement, Art. IX, § 3(b). Audit costs may also

4

be awarded pursuant to the ERISA provision that allows for "such other . . . equitable relief as the court deems appropriate." 29 U.S.C. § 1132 (g)(2)(E); *see Trs. of Pavers & Road Builders Dist. Council v. Heavy Constr.,* No. 13-CV-4160, 2014 WL 4954477, at *6 (E.D.N.Y. Sept. 30, 2014).

Although Plaintiffs are entitled to recover audit costs, "requests for audit fees must be supported by records ... sufficient to allow the court to determine the reasonableness of the audit costs." *Trs. of Steamfitters' Local Union No. 638 v. Nexus Mech., Inc.,* No. 08-CV-3214, 2014 WL 1338377, at *8 (E.D.N.Y. Apr. 2, 2014) (internal quotation & citations omitted). The evidence in support of recovering audit fees "must include, at minimum, some breakdown of the auditors' rates charged and hours expended." *Trs. of the Plumbers Local Union No. 1 v. Axiom Plumbing & Heating Corp.,* No. 08-CV-116, 2009 WL 2461738, at *5 (E.D.N.Y. Aug. 11, 2009) (quoting *Masino v. Tucci Equip. Rental,* CV-08-898, 2008 WL 5451005, at *2 (E.D.N.Y. Nov. 20, 2008)). Here, Plaintiffs seek $11,866.53 in audit costs. The sole evidence in support of this amount is the indication of an audit fee or "cost of audit" appearing on the numerous audit reports prepared in these matters. This information alone, however, is insufficient to allow a determination of whether the audit costs were reasonable.

It is still within the court's discretion, however, to award some amount for the audits as "some work was clearly conducted by the auditors and it would be unfair to entirely deny plaintiffs the costs of the audit." *Gesualdi v. Fortunata Carting Inc.,* 5 F. Supp. 3d 262, 283 (E.D.N.Y. 2014). Under the terms of the Trust Agreement, Plaintiffs are entitled to $350 per audit day, and a review of the audit reports show that audits were conducted on 22 separate dates. Accordingly, Plaintiffs shall be awarded $7,700 in audit costs.

5

**IV. Attorneys' Fees & Costs**

ERISA also provides for the award of reasonable attorneys' fees and costs where a plaintiff has successfully recovered unpaid contribtions. 29 U.S.C. §1132(g)(2)(D). Recovery of reasonable attorneys' fees is also available pursuant to the Trust Agreement. *See* Trust Agreement, Art. IX, § 3(a). In the Second Circuit, the standard for establishing the amount of reasonable attorneys' fees is the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany,* 522 F.3d 182, 183-84 (2d Cir. 2008). This determination is made "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. The starting point for calculation of a presumptively reasonable fee is "the lodestar–the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011) (citations omitted). The Supreme Court has found that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 553, 130 S. Ct. 1662, 1673 (2010) (quoting *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 566, 106 S. Ct. 3008 (1986)). Indeed, "there is a 'strong presumption' that the lodestar represents the appropriate award, though 'enhancements may be awarded in rare and exceptional circumstances.'" *Trs. of Empire State Carpenters v. Manhattan Concrete Structures, Inc.,* No. 13 CV 5557, 2014 WL 4810262, at *6 (E.D.N.Y. Sept. 23, 2014) (quoting *Perdue,* 559 U.S. at 554, 130 S. Ct. at 1673).

The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). In making the fee determination, "district courts have broad discretion, using 'their experience with the case, as well as their

experience with the practice of law, to assess the reasonableness of the hours spent and the rates charged in a given case.'" *AW Indus., Inc. v. Sleep Well Mattress, Inc.,* No. 07-CV-3969, 2009 WL 485186, at *5 (E.D.N.Y. Feb. 26, 2009) (quoting *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir. 1992)).

A reasonable hourly rate must be considered within the context of the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 1547 (1984). "In recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants." *Ferrara v. CMR Contracting LLC,* 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012); *see Gesualdi v. Tapia Trucking LLC,* 11-CV-4174, 2013 WL 831134, at *1 (E.D.N.Y. Mar. 6, 2013) (noting approved partner hourly rate range of $200 to $450); *Cadles of Grassy Meadows II, LLC v. St. Clair,* 10-CV-1673, 2012 WL 6617448, at *2 (E.D.N.Y. Dec. 18, 2012) (same). Reasonable hourly rates for associates have been further broken down by years of experience, awarding $200-300 for senior associates, and $100-200 for junior associates. *See Gagasoules v. MBF Leasing LLC,* No. 08-CV-2409, 2013 WL 1760134, at *3 (E.D.N.Y. Apr. 24, 2013); *Ferrara v. Prof'l Pavers, Corp.,* No. 11-CV-1433, 2013 WL 1212816, at *5 (E.D.N.Y. Mar. 23, 2013).

Plaintiffs seek total attorneys' fees in the amount of $95,916.25. The vast majority of that amount is payable to the firm of Trivella & Forte, LLP, which performed most of the work on this matter including the bench trial. Plaintiffs seek to recover attorneys' fees for eleven professionals from this firm – two partners, two of counsel, four associates, and three paralegals. The partners, Scott Trivella and Denise Forte, bill at the rate of $400 an hour, as does Christopher Smith, Of

Counsel. The other Of Counsel attorney, James Grisi, who is the lead attorney in this matter, has billed time at various rates from $250 to $395. Based on their years of experience, I find that the rates requested for these four professionals is reasonable for work performed in this District.

Some of the rates sought for the associate attorneys who worked on the matter, however, exceed the rates found to be reasonable for work performed in this District. Senior associates Jonathan Bardavid and Elizabeth Mondschein are billed at a rate of $375, far higher than the maximum $300 per hour awarded for work performed by senior associates. Their hourly rates shall be reduced to $300. The hourly rate of $290 charged for second year associate Gina Nicotera is also excessive and shall be reduced to $150. However, associate Adam Garlick's billing rate of $275 is acceptable for an attorney of his experience.

Regarding the hourly rate for paralegals, case law in this District consistently finds an award of fees of "up to $100 per hour" to be reasonable. *Flanagan v. North Star Concrete Constr., Inc.,* No. 13-CV-2300, 2014 WL 4954615, at *11 (E.D.N.Y. Oct. 2, 2014). Plaintiffs have not provided any caselaw or argument in support of an hourly rate higher than $100. Accordingly, I find the reasonable hourly rate for the paralegals in this case to be $100.

A fee application must be supported by contemporaneous time records that detail with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998). In determining whether a reasonable number of attorney hours were expended, the Court should "examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case" and "[i]f the court determines that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours in its calculation." *Gierlinger v. Gleason,* 160

F.3d 858, 876 (2d Cir. 1998) (internal quotations & citations omitted).

Plaintiffs have provided contemporaneous billing records in support of their attorneys' fees request. Grisi Decl., Ex. G. The bulk of the time, over 210 hours, was billed by Mr. Grisi. I note that these matters proceeded for several years and culminated in a bench trial. In light of the circumstances and upon a review of the billing records, I found that the hours billed are reasonable. Based on the reduction in several hourly rates determined above, the following amounts shall be awarded:

| Billing Professional | Rate | Hours | Total Fee |
|---|---|---|---|
| Scott P. Trivella, Partner | $400 | 4.25 | $ 1,700.00 |
| Denise A. Forte, Partner | $400 | 2.35 | $ 940.00 |
| Christopher A. Smith, Of Cnsl | $400 | 3.7 | $ 1,480.00 |
| James R. Grisi, Of Cnsl | $250 | 2.4 | $ 600.00 |
| James R. Grisi, Of Cnsl | $375 | 210.85 | $ 79,068.75 |
| James R. Grisi, Of Cnsl | $395 | 1.1 | $ 434.50 |
| Jonathan Bardavid, Assoc. | $300 | 1.4 | $ 420.00 |
| Elizabeth Mondschein, Assoc. | $300 | 3.4 | $ 1,020.00 |
| Adam Garelick, Assoc. | $275 | 9.15 | $ 2,516.25 |
| Gina Nicotera, Assoc. | $150 | 0.6 | $ 90.00 |
| Michelle Salerno, Paralegal | $100 | 22.1 | $ 2,210.00 |
| Danielle Calder, Paralegal | $100 | 2.4 | $ 240.00 |
| Anna Chiarolanza, Paralegal | $100 | 3.55 | $ 355.00 |

Thus, I find that the reasonable attorneys' fee for the work performed by the Trivella law firm to be $91,074.50.

Plaintiffs also seek $1,995.00 in attorneys' fees paid to the firm of Cohen Weiss & Simon LLP, which represented them earlier in the case. Plaintiffs provide billing records for time expended

by eight professionals – two partners, three associates, and three paralegals. Although the number of professionals seems large for the amount of work done, I find that the actual time billed is minimal and does not appear to be duplicative. Accordingly, Plaintiffs shall recover these fees as well.

It is further noted that Defendant has "not challenged the reasonableness of the number of hours expended nor the hourly rate, and several courts have considered this to be a relevant factor in deciding a fee application." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds v. Eastport Excavation & Utils., Inc.,* 3 F. Supp. 3d 204, 220 (S.D.N.Y. 2014) (citations omitted). Accordingly and for all the reasons set forth above, Plaintiffs shall be awarded attorneys' fees in the total amount of $93,069.50.

Finally, Plaintiffs seek litigation costs. "In a successful action under ERISA to recover delinquent contributions, courts award '[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients.'" *Trs. of Plumbers Local Union No. 1 v. Temperini Mech., Inc.,* No. 12 Civ. 5646, 2014 WL 4678025, at *4 (E.D.N.Y. Sept. 19, 2014) (quoting *Trs. of the Road Carriers Local 707 Welfare Fund v. Goldberg*, No. 08–CV–0884, 2009 WL 3497493, at *10 (E.D.N.Y. Oct. 28, 2009)). Plaintiffs seek $2,547.34 in total costs including, *inter alia,* filing and service fees, postage, and court reporter fees, and have provided documentation for the amount sought. *See* Grisi Decl., Ex. H. The court finds these costs to be reasonable and, as such, awards Plaintiffs $2,547.34 in costs.

## CONCLUSION

For the reasons set forth in the M&O and in this Order, judgment shall be entered in plaintiffs' favor in the total amount of **$431,238.33**, broken down as follows:

- $122,144.81 in total unpaid contributions;

- $102,888.34 in interest through October 29, 2014, plus daily interest of $60.14 through the date of judgment;

- $102,888.34 as additional damages;

- $7,700.00 in audit costs; and

- $93,069.50 in attorneys' fees and $2,547.34 in litigation costs .

The Clerk of the Court is directed to enter a Judgment consistent with this Memorandum and Order and to mark this case closed.

Dated: Central Islip, New York
       October 29, 2014

**SO ORDERED**

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge